[No. 3338. Decided February 20, 1900.]

THE STATE OF WASHINGTON, *Respondent,* v. HERMAN PHELPS, *Appellant.*

RAPE—INFORMATION—CONFORMITY WITH STATUTE.

Bal. Code, § 7062, defines carnal knowledge of a female under the age of eighteen years as constituting the crime of rape, and an information which conforms to the terms of the statute is sufficient, without conforming to the common law requirements in charging such an offense.

SAME—SUFFICIENCY OF EVIDENCE.

Under a statute making it rape to have carnal knowledge of a female child under the age of eighteen years, a verdict against defendant is supported by sufficient evidence, when the prosecutrix and her brother testify that her age is sixteen, and her testimony that she was invited from school to meet defendant and that they remained together in a lodging house where the offense was committed, is corroborated by other evidence.

CRIMINAL LAW—INDORSEMENT OF NAMES OF WITNESSES ON INFORMATION.

Where the testimony of a witness for the prosecution is offered in rebuttal for the purpose of meeting evidence tendered by the defendant, the defendant cannot complain of the failure of the prosecution to indorse the witness' name upon the information.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Ernest Poindexter,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

REAVIS, J.—The defendant was convicted at Walla Walla of the crime of rape. The information was in the following form:

"The said Herman Phelps, then and there being, did, on the 1st day of February, 1899, in the county of Walla Walla aforesaid, carnally know one Marian Gould, a female child under the age of eighteen years, contrary to the statute," etc.,

—and framed under § 7062, Bal. Code. The information was objected to on the ground that it did not state a crime. It is argued that it fails to interpret the meaning of the word "rape," and May, Criminal Law (Students' Series), § 192, p. 208, and 1 Bishop, Criminal Law, p. 557, are cited to sustain the contention. But these authorities, and others relative to the common law crime of rape, are not applicable to the crime designated in the statute. Carnal knowledge of a female under the age of eighteen years is the crime. The statute is valid and a proper exercise of legislative power, and the information conforms to the terms of the statute. The objection that the evidence does not support the verdict of the jury is untenable. There was substantial evidence to support each essential element of the crime. The prosecutrix testified that her age was sixteen. There was the merest scintilla of evidence to contradict this, but she was not uncorroborated, for her brother testified explicitly to her age, to the same effect as did she. Her testimony that she was invited from school, near Walla Walla, to meet the defendant, and that they remained together in a lodging house in Walla Walla, where the offense was committed, was amply corroborated.

The objection to the testimony of Ernest Gould, because his name was not indorsed upon the information, cannot be sustained, as the testimony was offered in rebuttal, after some question was raised by counsel for defendant upon the proof of the age of prosecutrix, and it was for the purpose of meeting the evidence tendered by the defendant on this issue that Gould was called. *State v. Bokien,* 14 Wash. 403 (44 Pac. 889).

The evidence upon which the verdict was rendered is satisfactory, and, no error being observed in the record, the judgment is affirmed.

GORDON, C. J., and DUNBAR, J., concur.

FULLERTON, J., concurs in the result.